IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEITH D. SEWELL, | ) | |
| | ) | Civil Action No. 04-85E |
| Plaintiff, | ) | |
| | ) | District Judge Cohill |
| vs. | ) | Magistrate Judge Baxter |
| | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | Electronically Filed |
| | ) | |
| Defendant. | ) | |

**ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

AND NOW, comes Defendant, United States of America, by and through its attorneys, Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, and Lee J. Karl, Assistant United States Attorney for the same District, and submits the following answer and affirmative defenses to plaintiff's complaint:

**NATURE OF ACTION AND INTRODUCTION OF PARTIES**

1.  Defendant admits in part and denies in part the averments set forth in paragraph 1 of Plaintiff's complaint. Defendant admits that Plaintiff is a federal inmate and incarcerated in federal prison. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments that Plaintiff suffered an injury and, therefore, these averments are denied. The averments regarding malpractice and/or misconduct are legal conclusions to which no response is required. To the extent these are factual averments that require a response, Defendant denies the averments. The averments regarding "community standard of care" are legal conclusions to which no response is required. To the extent these are factual averments that require a response, Defendant denies the averments. Defendant admits the

averments that the United States of America is the Defendant. Defendant denies that the United States of America is named as a defendant on behalf of Federal Correctional Facility McKean. Defendant denies all averments set forth in paragraph 1 that have not been otherwise admitted.

2. Defendant admits in part and denies in part the averments set forth in paragraph 2 of Plaintiff's complaint. Defendant admits that Plaintiff was incarcerated at FCI McKean from September 12, 2000 through November 20, 2003. Defendant admits that Dr. Olson is the Clinical Director at FCI McKean. Defendant denies that Dr. Olson failed to provide Plaintiff with the requisite standard of medical care owed to inmates at FCI McKean. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments that Plaintiff suffered daily injury to his right hip and knee and, therefore, these averments are denied. Defendant denies that Dr. Olson denied or delayed appropriate medical treatment. Defendant denies that Dr. Olson violated Bureau of Prison medical policy. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment that Plaintiff suffers daily injury and ongoing irreparable harm to his right hip and knee and, therefore, these averments are denied. The averments regarding Dr. Olson committing malpractice are legal conclusions to which no response is required. To the extent these are factual averments that require a response, Defendant denies the averments. Defendant denies all averments in paragraph 2 that have not been otherwise admitted.

## **JURISDICTION**

3. Defendant admits in part and denies in part the averments set forth in paragraph 3 of Plaintiff's complaint. With regard to the averments concerning jurisdiction, these are legal conclusions to which no response is required. To the extent these are factual averments

that require a response, Defendant denies the averments. Defendant denies that it conceded to the filing of the instant action on January 23, 2004. Defendant admits that Plaintiff's administrative tort claim was denied on January 23, 2004. With regard to the averments concerning jurisdiction, these are legal conclusions to which no response is required. To the extent these are factual averments that require a response, Defendant denies these averments. Defendant denies all averments set forth in paragraph 3 that have not been otherwise admitted.

4. Defendant admits in part and denies in part the averments set forth in paragraph 4 of Plaintiff's complaint. Defendant denies that Henry J. Sadowski is a defendant in this case. Defendant admits that Henry Sadowski is employed as the Northeast Regional Counsel of the Federal Bureau of Prisons. Defendant admits that, in a memorandum dated January 23, 2004 and signed by Henry Sadowski, Plaintiff was informed that his administrative tort claim was denied. Defendant admits that Plaintiff has exhausted his remedies with regard to the tort issues raised in the administrative tort claim filed in case number TRT-NER-2003-03862. Defendant denies that on January 23, 2004, Defendant set forth Plaintiff's irreparable harm allegations showing injury to Plaintiff's hip condition and knees and ankles. Defendant admits that Plaintiff has exhausted his administrative remedies with regard to all tort issues raised in the administrative tort claim filed in case number TRT-NER-2003-03862. Defendant denies all averments in paragraph 4 that have not been otherwise admitted.

5. Defendant admits that Plaintiff exhausted his administrative remedies under the Bureau of Prisons Administrative remedy process for inmates with respect to the issue of deliberate indifference to Plaintiff's alleged serious medical needs with regard to his hip and knee. Defendant denies all averments in paragraph 5 that have not been otherwise admitted.

## QUESTION OF CONSTITUTIONAL VIOLATIONS

6. Pursuant to Court Order dated June 21, 2005, Plaintiff's constitutional claims have been dismissed from this action. Accordingly, no response to Plaintiff's allegations of constitutional violations is required. To the extent a response is required, Defendant denies all averments set forth in paragraph 6 of Plaintiff's complaint.

7. Pursuant to Court Order dated June 21, 2005, Plaintiff's constitutional claims have been dismissed from this action. Accordingly, no response to Plaintiff's allegations of constitutional violations is required. To the extent a response is required, Defendant denies all averments set forth in paragraph 7 of Plaintiff's complaint.

## VENUE

8. Defendant admits in part and denies in part the averments set forth in paragraph 8 of Plaintiff's complaint. Defendant denies that it committed any misconduct. The averments regarding jurisdiction and venue are legal conclusions to which no response is required. To the extent these are factual averments that require a response, Defendant denies the averments. Defendant admits that Plaintiff exhausted his administrative remedies with regard to his hip and knee averments. Defendant denies all averments set forth in paragraph 8 that have not been otherwise admitted.

## FACTUAL ALLEGATIONS SHOWING IRREPARABLE HARM TO THE PLAINTIFF THAT WAS CAUSED BY THE DEFENDANT FAILING TO FOLLOW THE B.O.P. COMMUNITY STANDARD OF CARE MEDICAL POLICY

9. Defendant admits in part and denies in part the averments set forth in paragraph 9 of Plaintiff's complaint. Defendant admits that one of the objectives of the Bureau

of Prisons is to provide inmates with medical services by a professional staff consistent with community standards. Defendant admits that Plaintiff exhausted his administrative remedies with regard to his hip and knee averments. Defendant denies that Plaintiff has suffered any type of irreparable harm. Defendant denies all averments in paragraph 9 that have not been otherwise admitted.

10. Defendant denies the averments set forth in paragraph 10 of Plaintiff's complaint. By way of further answer, Defendant states that, on January 23, 2004, Henry J. Sadowski denied Plaintiff's administrative tort claim at number TRT-NER-2003-03862.

11. Defendant admits in part and denies in part the averments set forth in paragraph 11 of Plaintiff's complaint. Defendant admits only that on October 11, 2002 Warden John LaManna issued a response in case number 279030-F1, in which Plaintiff complained of deliberate indifference to medical needs. Defendant denies all other averments set forth in paragraph 11. By way of further answer, the Court, by Order dated June 21, 2005, dismissed all of Plaintiff's constitutional claims.

12. Defendant admits in part and denies in part the averments set forth in paragraph 12 of Plaintiff's complaint. Defendant admits only that on November 27, 2002, M.E. Ray issued a response denying Plaintiff's Regional Administrative Remedy Appeal in case number 279030-R1 in which Plaintiff alleges that he was not receiving adequate medical care for his knee and hip. Defendant denies all other averments set forth in paragraph 12 of Plaintiff's complaint.

13. Defendant admits in part and denies in part the averments set forth in paragraph 13 of Plaintiff's complaint. Defendant admits that M.E. Ray's response in case

number 279030-R1 is attached to Plaintiff's complaint as Exhibit 3.  Defendant denies that M.E. Ray's response states that the Orthopedic Surgeon stated that Plaintiff had to have an MRI. Defendant denies all averments in paragraph 13 that have not been otherwise admitted.

14.    Defendant denies the averments set forth in paragraph 14 of Plaintiff's complaint.

15.    Defendant admits in part and denies in part the averments set forth in paragraph 15 of Plaintiff's complaint.  Defendant admits only that Plaintiff did not receive an MRI while incarcerated at FCI McKean.  Defendant denies all other averments set forth in paragraph 15 of Plaintiff's complaint.  By way of further answer, Defendant states that an MRI was not medically necessary while Plaintiff was incarcerated at FCI McKean.

16.    Defendant admits in part and denies in part the averments set forth in paragraph 16 of Plaintiff's complaint.  Defendant admits only that Plaintiff occasionally complained of hip and knee pain while incarcerated at FCI McKean.  Defendant denies all other averments set forth in paragraph 16 of Plaintiff's complaint.  By way of further answer, the Court, by Order dated June 21, 2005, dismissed all of Plaintiff's constitutional claims.

17.    Defendant admits that on January 29, 2003, Harrell Watts denied Plaintiff's Central Office Administrative Remedy Appeal at case number 279030-A1.  By way of further answer, the Court, by Order dated June 21, 2005, dismissed all of Plaintiff's constitutional claims.

18.    Defendant admits that Harrell Watts' response is attached to Plaintiff's complaint as Exhibit 4 and is in response to, among other things, Plaintiff's complaint that he was denied medical treatment.  Defendant denies all averments in paragraph 18 that have not

been otherwise admitted.

19. Defendant admits in part and denies in part the averments set forth in paragraph 19 of Plaintiff's complaint. Defendant admits only that Harrell Watts' response, dated January 29, 2003, indicates that an orthopedic surgeon recommended an MRI on Plaintiff's knee. Defendant denies all other averments set forth in paragraph 19 of Plaintiff's complaint.

20. Defendant admits in part and denies in part the averments set forth in paragraph 20 of Plaintiff's complaint. Defendant admits only that Plaintiff did not receive an MRI while incarcerated at FCI McKean. Defendant denies all other averments set forth in paragraph 20 of Plaintiff's complaint.

21. Defendant admits in part and denies in part the averments set forth in paragraph 21 of Plaintiff's complaint. Defendant admits that Harrell Watts' response, dated January 29, 2003, denied Plaintiff's Central Office Administrative Remedy Appeal in case number 279030-A1. Defendant admits that on November 20, 2003, Plaintiff was transferred to Federal Medical Center Devens. Defendant denies all other averments set forth in paragraph 21 of Plaintiff's complaint.

22. Defendant admits in part and denies in part the averments set forth in paragraph 22 of Plaintiff's complaint. Defendant admits that while Plaintiff was incarcerated at FCI McKean, it was determined that an MRI and surgery were not immediately necessary. Defendant denies all other averments set forth in paragraph 22 of Plaintiff's complaint.

23. Defendant denies the averments set forth in paragraph 23 of Plaintiff's complaint.

24. Defendant admits in part and denies in part the averments set forth in

paragraph 24 of Plaintiff's complaint. Defendant admits that, on November 20, 2003, Plaintiff was moved to FMC Devens for continuing medical treatment. Defendant denies the remaining averments set forth in paragraph 24 of Plaintiff's complaint.

25. Defendant denies the averments set forth in paragraph 25 of Plaintiff's complaint.

26. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments regarding the alleged conversation between Plaintiff and Dr. Beam on December 11, 2001; therefore, Defendant denies the averments. Defendant denies the remaining averments set forth in paragraph 26 of Plaintiff's complaint.

27. Defendant admits in part and denies in part the averments set forth in paragraph 27 of Plaintiff's complaint. Defendant admits that Plaintiff was transferred to FMC Devens on or around November 20, 2003. Defendant denies all other averments set forth in paragraph 27 of Plaintiff's complaint. By way of further answer, the Court, by Order dated June 21, 2005, dismissed all of Plaintiff's constitutional claims.

28. Defendant denies the averments set forth in paragraph 28 of Plaintiff's complaint. By way of further answer, the Court, by Order dated June 21, 2005, dismissed all of Plaintiff's constitutional claims.

29. Defendant denies the averments set forth in paragraph 29 of Plaintiff's complaint. By way of further answer, the Court, by Order dated June 21, 2005, dismissed all of Plaintiff's constitutional claims.

The paragraphs that follow paragraph 29 is Plaintiff's prayer for relief to which no response is required. Defendant denies any and all averments not otherwise admitted.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

The Court lacks subject matter jurisdiction.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's alleged injuries were not caused by the negligence or wrongful act or omission of Defendant.

**FOURTH AFFIRMATIVE DEFENSE**

Pursuant to 28 U.S.C. § 7675(b), Plaintiff is prohibited from seeking an amount over the amount asserted in its administrative claim.

**FIFTH AFFIRMATIVE DEFENSE**

Pursuant to 28 U.S.C. § 2674, Plaintiff is not entitled to recover punitive damages or prejudgment interest on any award he may obtain from Defendant.

**SIXTH AFFIRMATIVE DEFENSE**

Pursuant to 28 U.S.C. § 2402, Plaintiff is not entitled to a jury trial.

**SEVENTH AFFIRMATIVE DEFENSE**

Defendant did not breach any duty of care owed to Plaintiff.

**EIGHTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiff may be found to have sustained any injuries and/or damages, those alleged injuries and/or damages were proximately caused by the intervening, joint and/or superseding acts and/or omissions of persons or entities other than Defendant.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's own negligence is the sole and/or contributory cause of the occurrence set forth in Plaintiff's complaint. Plaintiff is therefore barred from recovery.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's negligence was greater than any negligence, if any, of Defendant. Plaintiff is therefore barred from recovery.

### ELEVENTH AFFIRMATIVE DEFENSE

At all relevant times, Defendant exercised the required degree of care and skill, and the standard of skill required by law was satisfied.

### TWELFTH AFFIRMATIVE DEFENSE

The United States of America cannot be sued under a <u>Bivens</u> claim.

### THIRTEENTH AFFIRMATIVE DEFENSE

By Order dated June 21, 2005, the Court dismissed all of Plaintiff's allegations regarding constitutional violations. By the same Order, the Court struck Plaintiff's demand for a jury trial and demand for punitive damages.

### FOURTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff failed to exhaust his administrative remedies, Plaintiff's claims are barred.

WHEREFOR, Defendant, United States of America, respectfully requests that Plaintiff's complaint be dismissed with prejudice, that judgment be entered in Defendant's favor, that Defendant be awarded attorney's fees and such other relief as the Court deems appropriate.

Dated: July 6, 2005                              Respectfully submitted,

                                                 MARY BETH BUCHANAN
                                                 United States Attorney


                                                 /s/ Lee J. Karl
                                                 LEE J. KARL
                                                 Assistant U.S. Attorney
                                                 Western District of Pennsylvania
                                                 700 Grant Street, Suite 400
                                                 Pittsburgh, PA  15219
                                                 (412) 894-7488
                                                 PA I.D. No. 87856

## **CERTIFICATE OF SERVICE**

  I hereby certify that on this 6th day of July, 2005, a true and correct copy of the within Answer and Affirmative Defenses to Complaint was served via first-class U.S. mail upon the following:

    Keith D. Sewell
    Reg. No. 10042-055
    United States Penitentiary
    P.O. Box 1000
    Lewisburg, PA 17837


        /s/ Lee J. Karl
        Lee J. Karl
        Assistant U.S. Attorney