IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIE DIVISION


KEITH D. SEWELL,

      Plaintiff,

V.                           No.04-85 Erie
                                 USDJ McLaughlin
                                 MJ Baxter

UNITED STATES OF AMERICA,

      Defendant.
_____/

## REPLY TO DEFENDANT'S AFFIRMATIVE DEFENSE

Comes Now, Keith D. Sewell, appearing herein pro-se, and responds to the Answer And Affirmative Defense to Complaint in the above entitled matter and states as follows;

Rule 8(c) of the Federal Rules of Civil Procedure (FRCP) allows for an affirmative defense and requires a party to raise all affirmative defenses under the penalty of them being waived. An affirmative defense is a defense that relies on factual issues not raised in the complaint and can only be determined to be aff- irmative if the defendant bears the burden of proving it or if it does not controvert the plaintiff's proofs. Courts require that when pleading affirmative defense, parties have a duty to provide reasonable notice of the defense to opposing parties and that such pleading should be in separate paragraphs and labeled as an affirm- ative defense.

In the case at bar, the Defendant has failed to enumerate their defense and provides a number of "issues" purported to be an affirmative defense that is not applicable to the facts and circumstanses of the instant case and, in some instances, is false and misleading and should be considered, by the Courts as being unresponsive.

The Plaintiff has presented a colorable claim/claims that require that the issues presented be put before a jury for trial purposes.  Contrary to the Defendant's response and defenses, the record, as established by the Defendant and/or their agents, clearly establish that the Plaintiff is entitled to the releif sought in the original complaint.

Wherefore Plaintiff states that the Defendant is not entitled to dismissal, with or without prejudice, and that the awarding of attorney's fees should be decided after the Plaintiff has had an opportunity to have his case heard and decided by jury.


Dated:  August 12, 2005                    Respectfully submitted,

                                           Keith D. Sewell

CERTIFICATE OF SERVICE

I hereby certify that a copy of the attached document, Reply to Defendant's Affirmative Defense was served VIA first-class U.S. Mail on the Defendant as addressed Lee J.Karl, Ass. U.S.Attorney 700 Grant St, Suite 400, Pittsburg, PA 15219 on this 12th. day of August 2005.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KEITH D. SEWELL,                         )
                                         )        Civil Action No. 04-85E
        Plaintiff,                       )
                                         )        Magistrate Judge Baxter
            vs.                          )
                                         )
                                         )
UNITED STATES OF AMERICA,                )
                                         )
        Defendant.                       )

## DEFENDANT'S FIRST SET OF INTERROGATORIES AND ACCOMPANYING REQUEST FOR PRODUCTION OF DOCUMENTS

To:    Keith D. Sewell
       Reg. No. 10042-055
       United States Penitentiary
       P.O. Box 1000
       Lewisburg, PA 17837

       Defendant, by its undersigned attorneys, pursuant to Federal Rule of Civil Procedure 33, requests that Plaintiff answer the following interrogatories under oath within thirty (30) days after service of the same, and supplement the answers so filed in accordance with the provisions of Rule 26(e) of the Federal Rules of Civil Procedure.

       Additionally, pursuant to Federal Rule of Civil Procedure 34, Defendant also requests that Plaintiff produce the herein designated documents for inspection and copying within thirty (30) days after service of these document requests.  Said production shall take place at the office of the United States Attorney for the Western District of Pennsylvania, U.S. Post Office and Courthouse, 700 Grant Street, Suite 400, Pittsburgh, Pennsylvania 15219.

For purposes of answering these interrogatories and request for production of documents, the following instructions and definitions are provided:

## I. DEFINITIONS AND INSTRUCTIONS

A. "You" or "your" means the Plaintiff, Keith D. Sewell, and any person or organization, such as an attorney, spouse, union representative or union organization, acting on behalf of the Plaintiff for purposes of the matter under inquiry.

B. "Person" means any natural person, corporation, partnership, proprietorship, trust, association, group of natural persons or other entity of any nature whatsoever.

C. "Document" means any written, recorded or graphic material of any kind whether prepared by you or by any other person that is in your possession, custody, or control. The term "document" includes, but is not limited to: contracts; letters; e-mails; telegrams; memoranda; notes; reports; studies; books; records; telephone books or messages; visitor books; calendar or diary entries; drafts; business cards; minutes of meetings, conferences, and telephone or other conversations or communications; ledgers; financial statements; photostats; microfilm; microfiche; audio, video, or other magnetically encoded recordings; and computer print-outs. The term also includes electronically or electromagnetically stored data from which information can be obtained either directly or indirectly by translation through detection devices, readers, computer programs, or electronic retrieval and the documentation necessary and sufficient to access the universe of data produced and to interpret the data. The term "document" includes the original document (or a copy thereof if the original is not available) and all copies which differ in any respect from the original or which bear any notation, marking or information not on the original.

2

D.  "Produce" means to produce for inspection and copying the documents called for within 30 days of service of the requests herein at the office of Lee J. Karl, Assistant United States Attorney, United States Post Office & Courthouse, 700 Grant Street, Suite 400, Pittsburgh, PA 15219.

E.      "Identify" and all its forms means:

1.  When referring to a document, to state the type of document (e.g., letter, contract, memorandum, etc.), its date, the author(s) and addressee(s) of the document, its title, general subject matter, present location, and name and address of the custodian.  Documents to be identified shall include documents which you maintain are destroyed and with respect to which a privilege is or may be claimed.

2.  When referring to a natural person, to state his or her full name, present or last known residence and business addresses, present or last known residence and business telephone numbers, present or last known employer or business affiliation, and present or last known position held.

3.  When referring to any entity other than a natural person, to state its full name and the address of its principal place of business.

4.  When referring to an oral communication, to state the date upon which it occurred, identify the speaker and each other person who was present when it was made, state its substance, and identify each document which refers or relates, in whole or in part, to said oral communication.

5.  When referring to a meeting, conference, event or occurrence, to state the date, duration, location and persons attending or participating in the meeting, conference, event or

occurrence.

F. "State" means to set forth fully and unambiguously every fact relevant to the answer called for by the interrogatory, of which you, your agents, or representatives have knowledge.

G. "Relate to" means to make a statement about, refer to, discuss, describe, reflect, contain, constitute, identify, or in any way pertain to, in whole or in part.

H.    The singular form of a noun or pronoun shall be considered to include the plural form of the noun so used and vice versa. The masculine form of a noun or pronoun shall be considered to include the feminine and neuter gender of the noun or pronoun so used and vice versa.

I. "And" and "or" as used herein are terms of inclusion and not exclusion and shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the interrogatory or document request any information or document that might otherwise be construed to be outside its scope.

J. In each instance where interrogatories are answered on information and belief, state the basis for such information and belief.

K. With respect to each interrogatory, state whether the information furnished is within the personal knowledge of the person answering and if not, the name of each person to whom the information is a matter of personal knowledge.

L. Identify each person who assisted, participated or who was relied upon in preparing and supplying any of the information given in the answers to the interrogatories.

M. If you refuse to produce any requested document pursuant to a claim of privilege, please submit a certified sworn statement setting forth as to each such document: (a) the date and

4

subject matter of the document; (b) the names and business positions of its authors and addressees; (c) all persons to whom copies of the document were directed or to whom its contents were disclosed in whole or part; (d) all persons whose signatures, initials or other notations appear on the document; and (e) the basis of the privilege claimed.

N. If you maintain that any document or record requested or that is related to the subject matter of an interrogatory has been destroyed, set forth the content of said document, the location of any copies of said document, the date of such destruction and the name of the person who ordered or authorized such destruction.

Further, unless otherwise specified, when reference is made in these Interrogatories and Request for Production of Documents to Plaintiff, the reference is meant to include any and all representatives, employees, agents, officials or other persons in any way affiliated with Plaintiff Keith D. Sewell.

## REQUEST FOR PRODUCTION OF DOCUMENTS

1.    Each document relating to Plaintiff's allegations in the Complaint, including but not limited to: all documents which you contend support your allegations that Dr. Olson committed medical malpractice when treating your knee and hip.

2.    All documents to which you referred or relied upon in drafting the Complaint, or answering Defendant's First Set of Interrogatories to the extent not supplied in response to the foregoing document request.

3.    Copies of all documents that plaintiff intends to use as an exhibit at the trial of this matter.

4.    Copies of all statements and/or affidavits both sworn or unsworn, concerning any and all events, incidents, or occurrences related to the matters raised in the instant Complaint. Said statements should include all those submitted to any Federal agency, court or administrative body.

5.    Produce all correspondence, memoranda, records, diaries, logs, personal notes and other writings or documents of every kind whatsoever in your possession that pertain or relate to the allegations contained in your Complaint and administrative action.

6.    Copies of all medical records regarding any and all medical conditions or injuries related to the allegations in the Complaint, including all physicians' notes, relevant records, test results, x-rays, echocardiograms, and hospital reports.

7.    Copies of all pharmacy records regarding the treatment of any medical condition or injury related to the allegations in the Complaint.  Include a copy of all prescriptions.

8.    Copies of all documents that support your claim for damages.

9.    Any and all reports of consultants and/or experts for plaintiff in this action.

10.    Each and every document produced or received by the Plaintiff during the processing of any complaint(s) and/or grievance with the Bureau of Prisons.

11.    Each and every document produced or received by the Plaintiff during the processing of any administrative tort claim against the Bureau of Prisons or any other federal agency, employee.

12.    Please execute the attached medical authorization form.

## INTERROGATORIES

1.    During the past ten (10) years, have you ever filed a claim or lawsuit against any person, firm, or governmental agency other than in connection with the matters raised by your Complaint?  If so, for each claim or lawsuit please state: the name and address of each person, firm or agency against whom the claim or lawsuit was filed; the date the claim or lawsuit was filed; the basis for the claim or lawsuit; the title and address of the Court or other place where the claim or lawsuit was filed; and the present status of the action or, if concluded, the final result, including the amount of the monetary judgment or settlement, if any, and the successful party.


ANSWER:

No.

2.    Identify every prison where you have been incarcerated during the past ten (10)

years.

<u>ANSWER</u>:

The Plaintiff has only been incarcerated in FDC Batavia
the Federal institution atMcKean and the place of his
current incarceration, in terms of federal custody.

8

3.    Identify all Administrative Tort Claims that you have filed against the United States, the Bureau of Prisons, any other federal agency and/or any federal employee.

<u>ANSWER</u>:

N/A

4.    Identify by name, address and telephone number every physician who has examined and/or treated your right knee and hip with regard to the medical conditions that are the subject of this lawsuit.  Include in your answer all physicians who examined and/or treated your knee and/or hip prior to your incarceration, as well as, all physicians who examined and/or treated your knee and/or hip while incarcerated.  Your answer should also include the date of each exam and/or treatment.

ANSWER:

   Plaintiff has been previously examined at Strong Memorial Hospital located in Rochester, N.Y.  No other information is available at this time.

5.    If any treatment provided by any agent or employee of the defendant aggravated a

medical condition or caused you injury, damage or difficulty, please state each and every date of

such treatment, the name and description of the agent or employee giving any such treatment, a

full and complete description of any such treatment, a full and complete description of the nature

and extent of the injury, damage or difficulties caused you by any such treatment.

ANSWER:

This question is responded to in the original complaint to
the best of Plaintiff's understanding.

6.    If you claim or contend that any agent or employee of the defendant engaged in any action or activity which caused or contributed to cause the allegations as set forth in the Complaint, please state the name or other identification of each such agent or employee of the defendant, a full description of each such action or activity, a full explanation of how or in what manner each such action or activity caused or contributed to cause the alleged occurrence.

<u>ANSWER</u>:

To the best of Plaintiff's understanding, thes question and answer is adequately addressed in the original complaint.

7.    Identify every Request for Administrative Remedies that you have filed with the Bureau of Prisons while incarcerated.  Your answer should include the date of the request, the prison where you were incarcerated at the time of the request and the nature of the request.

ANSWER:

Request filed to the Warden at FCI McKean 9/23/03 and response 10/11/02.

Request to Regional Office was responded to on or about 11/27/02.

Request filed to National Inmates Appeals was responded to on or about 1/29/03.

Original Tort denied on or about 1/23/04.

13

8.    For the ten (10) year period immediately <u>before</u> the date of the occurrence giving

rise to this suit, list the complete name, last known mailing address and telephone number of all

hospitals, physicians, psychologists or psychiatrists, osteopaths, naturopaths, chiropractors,

physical therapists, social workers or other healers who have in any way examined, treated, or

consulted with you during the ten (10) year period immediately <u>before</u> the occurrence giving rise

to this suit and describe the reason for such treatment.

<u>ANSWER</u>:

An MRI was ordered while the Plaintiff was in society. Prior
to his incarceration the procedure was not done and the Plain-
tiff made the defendants aware of this fact.
No other information is available at this time.

14

9.      Describe all future medical treatments or examinations that you anticipate you will incur as medically reasonable and necessary as a consequence of the occurrences that gave rise to this lawsuit.

<u>ANSWER</u>:

Plaintiff currently suffers from a distinct limp, pain and suffering and anticipates that several surgies and exams by expert professional personel will be necessary to compensate his disability.  The cost of such treatment can not be adequately projected for the future.  However, under a current cost assessment it is anticipated that the cost of future treatment will be in the millions of dollars.

10.    List the names and addresses of all witnesses, including expert witnesses, who, it is contemplated, will be called upon to testify in support of your claim in this action, and, if any such prospective witnesses are related to you, state the relationship.  Also include in your response a description of the probable testimony of each witness.

<u>ANSWER</u>:

Not available at this time.

11.    With regard to your contention that the actions of the United States and/or its employees, agents and/or servants constituted negligent treatment and care as alleged in your complaint, state and describe in full and complete detail each and every act and/or omission and the date the act and/or omission occurred.  Your answer should include the name of the person performing the act or failing to perform an act and the date any act or omission occurred.

ANSWER:

The acts and ommissions of the defendants were ongoing and continuous in the denial of treatment and neglect.  The period spanned several years which makes it virtually impossible to provide dates and specific acts.  Therefore this request is unreasonable and incapable of being responded to.

17

12.     Please describe in detail all injuries, ailments, or pains which you claim to have suffered as a result of the alleged negligent care or treatment of employees of the United States, stating the parts of the body so affected, the severity of such injuries, ailments, or pains, and how long each lasted.

ANSWER:

Plaintiff has existed with continuous pain and disability as a a results of the deliberate indifference and neglect of the defendants.  This question is adequately presented and responded to in the body of Plaintiff's complaint.  No further response is required.  In addition, the question is ambiguous and can not be responded to as the pain and suffering varies and has affected the Plaintiff both psychologically as well as physically, causing continuous pain and suffering.

18

13.    If, as a result of the alleged occurrence, you are claiming any present or permanent injuries, ailments, pains or disabilities and any doctor, physician, medical practitioner, hospital, laboratory or other institution has made any prognosis of your medical condition, state a full description of each such prognosis, the date on which each such prognosis was made, the name and address of each doctor, physician, medical practitioner, hospital, laboratory or other institution making each such prognosis.

ANSWER:

This information is not available at this time.

19

14. With regard to the knee injury that is the subject of this lawsuit, describe in detail how and when you injured your knee.  Your answer should include the date of the injury and the activity that lead to the injury.

<u>ANSWER</u>

According to BOP records the Plaintiff suffers from severe osteoarthritis in the right hip and "suspected" patellofemoral syndrome in the right knee (see warden's response to adminis-trative remedy). No other information is available at this time.

20

15.   What damages are you claiming in this action?  If you are claiming any compensatory damages as a result of the alleged occurrence, please state the amount of damages sought, the method used in computing the amount of such, and the rationale/basis for such damages.

<u>ANSWER</u>

16.  List, identify and describe the contents of all documents which support your claim in this action.

ANSWER:

This information is not available at this time.


The above answers to the defendant's First Set of Interrogatories are sworn to and are answered to the best of knowledge and the ability  of the Plaintiff, as being true andexact under the threat of the penalty of perjury.

Sworn to this 12th.Day of August 2005.

### CERTIFICATE OF SERVICE

I, Keith D. Sewell, hereby certify that a true and exact copy of the attached and all documents have been provided to the Defendant by placing a copy in the U.S. Mail with sufficient postage attached and addressed as follows:

Lee J. Karl
Ass..U.S. Attorney
Western District of Pennsylvania
U.S. Post Office & Courthouse
700 Grant St., Suite 400
Pittsburg, PA 15219

Clerk of the Court
U.S. District Court

_Keith Sewell_ -8-12-05