IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEITH SEWELL ) | |
|       Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 04-85 Erie |
| ) | |
| UNITED STATES OF AMERICA, ) | |
|       Defendant. ) | |

## OPINION ON PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff Keith Sewell, a prisoner presently incarcerate, brings this action under the Civil Rights Act of 1871, 42 U.S.C. § 1983 and the Federal Tort Claims Act. Plaintiff has requested that he be appointed counsel. See Document # 31.

### The Standard of Review

In Tabron v. Grace, 6 F.3d 147 (3d. Cir. 1993), the Third Circuit identified factors to be considered by the district courts in exercising their discretion whether to "appoint" counsel pursuant to 28 U.S.C. § 1915(d).[1] These factors have been affirmed many times as the appropriate basis for review. See, e.g., Montgomery v. Pinchak, 294 F.3d 492 (3d Cir. 2002). "As a threshold matter, a district court must assess whether the claimant's case has some arguable merit in fact and in law." Tabron at 155. The court should not appoint counsel unless it appears that the claim has some merit. Id.

Provided that the claim has some merit, the court must then consider the following factors

---

[1] Actually 28 U.S.C. § 1915(d) does not authorize the court to "appoint" counsel. Rather, it authorizes the court to "request" an attorney to represent a litigant unable to employ counsel. The importance of the distinction was recognized by the Supreme Court in Mallard v. United States District Court, 490 U.S. 296 (1989).

to determine whether to appoint counsel:

> 1. the plaintiff's ability to present his or her own case;[2]
>
> 2. the difficulty of the particular legal issues;
>
> 3. the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;
>
> 4. the plaintiff's capacity to retain counsel on his or her own behalf;
>
> 5. the extent to which a case is likely to turn on credibility determinations, and;
>
> 6. whether the case will require testimony from expert witnesses.

Montgomery, at 499, quoting Tabron at 155-157.

The court recognized that there are significant practical restraints on the district court's ability to "appoint" counsel":

> the ever-growing number of prisoner civil rights actions filed each year in the federal courts; the lack of funding to pay appointed counsel; and the limited supply of competent lawyers who are willing to undertake such representation without compensation.

Tabron, 6 F.3d at 157. The court also recognized that there are many cases in which district courts seek to appoint counsel but there is simply none willing to accept appointment. The court stated:

> [T]he frequent unwillingness of lawyers to accept appointment in such cases is not only a function of the time pressures lawyers face in trying to earn a living in an increasingly competitive field, but also by circulating knowledge of the indignities that some lawyers have been subjected to by certain litigants, including verbal and written abuse, excessive demands and complaints, and malpractice suits. We trust the district judges will be sensitive to such problems in making discretionary decisions in the area.

Id. at 157, n.7.

The court also recognized that volunteer lawyer time is extremely valuable and district courts should not request counsel under § 1915(d) indiscriminately:

---

[2] The Circuit has identified additional factors in determining plaintiff's ability to present his case, including : "the plaintiff's education, literacy, prior work experience, and prior litigation experience, along with a plaintiff's ability to understand English and the restraints placed upon a prisoner plaintiff by confinement." Montgomery, at 501.

2

> Volunteer lawyer time is a precious commodity . . . . Because this resource is available in only limited quantity, every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause. We cannot afford that waste.

Id. at 157.

The court emphasized that "appointment" of counsel remains a matter of discretion and the decision must be made on a case-by-case basis.

This Court would like to have capable, experienced counsel available to assist and advise all prisoners before they file suit and to represent all prisoner plaintiffs who survive dismissal under 28 U.S.C. § 1915(d) or for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Unfortunately, there are not enough attorneys in this district who are willing to undertake such representation. In addition to the factors discussed by the Court of Appeals, this Court recognizes other factors that dissuade attorneys from representing prisoners. Simply interviewing a prisoner client requires a trip to a prison, sometimes a great distance from the lawyer's office, and frequently a long wait at the prison until the prisoner can be produced for the interview. The lawyer sometimes must accept frequent collect calls from the prisoner.

The number of attorneys in this district who are available to volunteer to represent prisoners is limited while the number of prisoners who request counsel pursuant to 42 U.S.C. § 1915(d) is high. Moreover, the Erie division of this District does not have a referral system in place, as does the Pittsburgh division, and few attorneys in the local Bar have expressed a willingness to handle these difficult cases. Therefore the Court must carefully consider all the factors identified by the Court of Appeals as well as any other considerations related to the specific case in exercising its discretion when considering a motion to "appointment" of counsel.

### Plaintiff's Request for Counsel

In his pro se complaint, Plaintiff complains that the medical treatment he received in prison was negligent and violated his constitutional rights. Plaintiff seeks monetary damages.

Taking Plaintiff's allegations as true (for the purposes of this motion), his claim of cruel

and unusual punishment under the Eighth Amendment and the negligence claim under the Federal Tort Claims Act have some arguable merit. Therefore, the claim passes the threshold analysis and this Court must consider the six factors.

However, after considering all of the factors and considerations discussed above, it appears that Plaintiff's claims are not sufficiently extraordinary to require counsel to represent him pursuant to 28 U.S.C. § 1915(d). Tabron v. Grace, 6 F.3d 147 (3d Cir. 1993). See also Jones v. Lilly, 37 F.3d 964 (3d Cir.1994)(where prisoner plaintiff alleged that he was sexually assaulted by his two cellmates reputed to "prey[] on other inmates for sex," legal issues raised not "extraordinary"). From the pleadings presently before this Court, it appears that Plaintiff's claim is a straightforward cruel and unusual punishment case and does not present particularly difficult legal issues. Indeed, Plaintiff has correctly presented the deliberate indifference standard in his complaint. Additionally, it appears that Plaintiff is literate. These factors weigh in favor of the denial of appointment of counsel.

Practically every case which goes to trial involves issues of fact. This case does not appear to require particularly complex credibility determinations. As a *pro se* litigant plaintiff will have the benefit of Haines v. Kerner, 404 U.S. 519 (1972) and its progeny. This may be of more benefit to him than an attorney who is not knowledgeable about prisoner law.

After considering all of the appropriate factors, plaintiff's request for the appointment of counsel IS DENIED.

            S/ Susan Paradise Baxter
            SUSAN PARADISE BAXTER
            United States Magistrate Judge

Dated: December 8, 2005